UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------x
ACRAM JAVAHERY GILANI and SION
MOUSSAZADEH,

              Plaintiffs,

   -against-

GNOC CORP., et al.,

              Defendant.
-------------------------------------------------x

                 MEMORANDUM AND ORDER
                      04-CV-2935 (ILG)

GLASSER, United States District Judge:

## INTRODUCTION

The present diversity action arises from an alleged "slip and fall" which occurred in the Atlantic City Hilton Hotel Casino ("Casino"), a wholly owned subsidiary of the defendant GNOC Corporation ("GNOC"). The slip and fall victim in this case is Acram Javahery Gilani ("Gilani" or "plaintiff"), who suffered a fractured hip as a result of her fall in the casino restroom. Her husband, Sion Moussazadeh ("Moussazadeh"), brings suit based upon the loss of companionship, consortium and assistance of his wife due to her injuries.

## BACKGROUND

The parties do not dispute that on August 17, 2003, Gilani slipped and fell in a Casino bathroom. As a result of that injury, she suffered a fractured hip, requiring significant surgery and rehabilitation. Plaintiffs' negligence claim is predicated upon the theory that the bathroom was wet due to a created condition. In their response

memorandum of law, plaintiffs claim that the ladies' bathroom attendant "who

plaintiff...observed upon her entrance to the bathroom carelessly mopped or cleaned the

floor without any type of warning for customers..." (Plts. Mem. Law 6).[1]

In her deposition testimony of January 14, 2005, Gilani made the following

remarks regarding the presence, or lack thereof, of a ladies' room attendant in the

bathroom at the time of the accident:

[The line of questioning immediately proceeding this interchange reviewed the events

occurring immediately after her fall]

> Q:  Who was washing and drying the floor?
> A:  The employees
> Q:  Were they there before you fell?
> A:  Yes.
> Q:  So, when you entered the bathroom, were there people washing and drying
> the floor?
> A:  I didn't see that.
> Q:  So, you didn't see the workers washing and drying the floor until after you
> fell?
> A:  No.
> MR. GARBER: What does "no" mean?
> Q: You saw them for the first time after you fell?
> A:  I don't remember because I was confused after I fell.  I didn't feel well.
> Q:  But you didn't see the people washing and drying the floor before you fell?
> A:  Because it was very crowded.
> Q:  So, you didn't see them?
> A:  No.

(Attached to Def. Mem. of Law, as "Gilani Dep.," Ex. I, 17:15-18:12).

Attached to plaintiff's Memorandum of Law is Gilani's Affidavit.  Contrary to the

---

[1] In its Legal Memorandum accompanying its motion for summary judgment, defendant asserts
that there is no evidence that it had or should have had actual or constructive notice of a dangerous
condition, a requirement for a claim of negligence based on a non-created condition theory of slip and fall.
Paciocco v. Ward, 163 A.D.2d 655 (3d Dep't 1990).  Defendant contends that plaintiffs have failed to
provide any evidence that the defect in the bathroom was visible and apparent and had existed for a
sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it.
(Def. Mem. Law  9).  Plaintiffs do not assert nor do they point to any evidence to counter this assertion,
relying exclusively upon the theory that it was a created condition.  As a result, the Court examines only
the plaintiffs' "created condition" theory.

colloquy recited above, Gilani states in her affidavit that she "noticed a worker

apparently cleaning the floor as [she] entered." (Gilani Aff., 5). Plaintiffs present no

other evidence that would allow the inference that the floor was being cleaned at the

time of the accident.

**DISCUSSION**

**I. Summary Judgment**

**A. 56.1 Statements**

Local Rule 56.1(a) provides that, upon a motion for summary judgment:

> [T]here shall be annexed to the notice of motion a separate, short and concise
> statement of the material facts as to which the moving party contends there is no
> genuine issue to be tried. Failure to submit such a statement may constitute
> grounds for denial of the motion.

(Loc. Civ. R. 56.1).

In addition, 56.1(b) provides that: "The papers opposing a motion for summary

judgment shall include a separate, short concise statement of the material facts as to

which it is contended that there exists a genuine issue to be tried."

A district court is justified in denying a motion for summary judgment for failing

to comply with this rule. See Giannullo v. City of N.Y., 322 F.3d 139, 140-41 (2d

Cir.2003). Courts have, however "broad discretion to determine whether to overlook a

party's failure to comply with local court rules, and may opt to conduct an assiduous

review of the record even where one of the parties has failed to file such a statement."

D'Nelson v. Costco Wholesale Corp., 2006 WL 767866, *4 (E.D.N.Y. March 24, 2006)

(quoting Holtz v. Rockefeller & Co., Inc., 258 F.3d at 73. See also Monahan v. N.Y. City

Dep't of Corr., 214 F.3d 275, 292 (2d Cir. 2000).

Neither party has submitted a 56.1 statement. Nonetheless, the defendant has

provided the depositions of several individuals with personal knowledge of at least some aspect of the events in question, and the parties have both had appropriate time to either brief the motion, or request additional discovery to substantiate their positions. Although the Court could properly deny the motion under Local Rule 56.1, the wiser path in this instance is to make a determination on the record.

### B. Rule 56 Standards for Summary Judgment

Federal Rule of Civil Procedure 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits... show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." One of the principal purposes of summary judgment is to "isolate and dispose of factually unsupported claims or defenses..." Celotex Corp. v. Catrett, 477 U.S. 317, 323-4 (1986).

As an initial matter, "the moving party bears the burden of establishing the absence of any genuine issue." Grabois v. Jones, 89 F.3d 97, 99-100 (2d Cir. 1996) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970). Once the movant points to the absence of an issue, the non-moving party must produce evidence of a genuine issue of material fact. The nonmoving party "may not rest upon the mere allegations or denials" of its pleadings; rather, its response must go beyond the pleadings to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). See also Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). A genuine issue of material fact exists when there is sufficient evidence favoring the nonmoving party such that a jury could return a verdict in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

When evaluating a motion for summary judgment, "[t]he courts must view the evidence in the light most favorable to the party against whom summary judgment is sought and must draw all reasonable inferences in his favor." L.B. Foster Co. v. American Piles, Inc., 138 F.3d 81, 87 (2d Cir. 1998) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). If there remains no genuine issue of material fact then the moving party is entitled to judgment as a matter of law.

## C. Affidavits

"It is well settled in this circuit that a party's affidavit which contradicts his own prior deposition testimony should be disregarded on a motion for summary judgment." Mack v. United States, 814 F.2d 120, 124-25 (2d Cir. 1987) (citing Perma R & D Co. v. Singer Co., 410 F.2d 572, 578 (2d Cir.1969)). If this were not the case, a party could raise an issue of fact simply by "submitting an affidavit contradicting his own prior testimony," greatly diminishing the utility of summary judgment as a means of determining genuine issues of fact. Id.

The Perma Research principle, or "sham affidavit" principle, does not apply in either of two instances. First, where the deposition testimony and affidavit are not truly contradictory. When an issue was not fully explored in the deposition, or the deponents responses were ambiguous, subsequent clarification by affidavit is permissible. Palazzo v. Corio, 232 F.3d 38, 43 (2d Cir. 2000). Second, where a party's conflicting affidavit statements are corroborated by other evidence, the affidavit may be admissible, since the concern that the affidavit is a "sham" is alleviated. Id.

## D. Gilani Testimony

To defeat the defendant's motion for summary judgment, plaintiffs must produce

some evidence substantiating the only theory of negligence that they assert–that a "created condition" caused her to slip and fall.  The only allegation supporting the existence of a created condition is the presence of an employee cleaning the bathroom when she entered.  The only evidence submitted to support this allegation is Gilani's averment in her affidavit that a cleaning person was in the bathroom when she entered.

However, Gilani's deposition and affidavit testimony conflict.  After an extensive line of questioning, she admitted in her deposition that she did not recall seeing the cleaning staff before she entered the restroom.  Her affidavit, dated November 28, 2005, submits that she did notice a "worker apparently cleaning the floor as [she] entered." (Gilani Aff. ¶ 5).[2]  Plaintiffs submit no other evidence corroborating the recollection that there was a cleaning person in the restroom when she entered.  Unless the first exception to the "sham affidavit" rule applies, plaintiff offers no admissible evidence in opposition to defendant's motion.

Although the affidavit contains a more definite statement than the deposition, the line of inquiry in the deposition clearly indicates that, at most, plaintiff could not recall whether cleaning personnel were in the bathroom when she entered.  Since the two conflict, the Affidavit must be disregarded.

Although plaintiffs only implicitly assert it as a justification, it cannot be reasonably  said that Gilani did not understand the questions she was asked, or was

---

[2]  In addition, plaintiffs' attorney's memorandum of law misrepresents Gilani's Affidavit.  The memorandum states that "she definitely remembers seeing at least one lady cleaning the bathroom floor as she entered and that the bathroom was open for use and there was no sign or warning device in place in any part of the bathroom."  Although plaintiffs' attorney states that there was no sign or warning device as she entered the bathroom, there is no reference in her Affidavit to the presence or lack thereof of any "sign or warning device." (Plts. Mem. Law 9).

frightened and confused by the questions she was asked in her deposition.[3]  The text of

the colloquy indicates that she ultimately understood what was being asked, even if

initially she was unclear.  A translator was provided for at the deposition.  (Gilani Dep.,

4:2-5).  Her attorney was present at the deposition.  (Id.).  She was told if she didn't

understand something she could have the question repeated.  (Id., at 4:21-22).  No

contemporaneous complaints of confusion were raised.  Since plaintiffs offer no

justifiable basis for admitting the Gilani Affidavit, they submit no evidence at all.

Defendant's motion for summary judgment is therefore granted.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is

GRANTED.  The Clerk of Court is respectfully requested to close the case.

SO ORDERED.

Dated:          April 25th, 2006
               Brooklyn, New York

_____/s/_____
I. Leo Glasser
United States District Judge

---

[3] Plaintiffs' Legal Memorandum states that Gilani "speaks and understands virtually no English and to whom these legal proceedings are very frightening and confusing matters." (Plts. Mem. Law 9).

Copies of the foregoing were sent on this day to:

Gerald A. Garber, Esq.
75 Meadow Woods Road
Great Neck, New York 11020

Attorney for plaintiffs


Kenneth J. Platzer
Rochman Platzer Fallick Sternheim Luca & Pearl, LLP
666 Third Avenue, 17th Floor
New York, NY 10017

Attorneys for defendant